**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No: 21-MJ-195 (ZMF) |
| : | |
| **ETHAN NORDEAN,** : | |
| also known as "Rufio Panman," : | |
| : | |
| **Defendant.** : | |

**OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully opposes Defendant's "Motion for Release From Custody Pursuant to 18 U.S.C. § 3060." (Docket Entry 15). For the reasons stated below, Defendant's motion should be DENIED.

**FACTS**

On February 3, 2021, Defendant was arrested in his home state of Washington on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge Zia M. Faruqui in connection with a Criminal Complaint charging the defendant with Aiding and Abetting an Injury or Depredation Against Government Property, in violation of 18 U.S.C. §§ 1361 and 2; Obstructing or Impeding an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2); Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. §§ 1752(a)(1), (a)(2); and Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 18 U.S.C. §§ 5104(e)(2)(D), and (e)(2)(G).

At his initial appearance in the Western District of Washington on February 3, 2021, the United States moved to detain Defendant pursuant to 18 U.S.C. § 3142(f)(1)(A), because he is

1

charged with a crime of violence. The United States also sought detention pursuant to 18 U.S.C. § 3142(e)(3)(C), which provides a rebuttable presumption of detention if there is probable cause to believe that the defendant committed "an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed." The United States also sought detention pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A), because Defendant poses a serious risk of flight. The presiding United States Magistrate set a detention hearing for February 8, 2021.

After hearing argument at the detention hearing on February 8, 2021, the Magistrate issued an order releasing the Defendant. The United States orally moved to stay Defendant's release pending its appeal, which was denied, and the Magistrate ordered that Defendant would be released from custody unless this Court issued a stay by 6pm on February 8, 2021. This Court issued an Order Staying the Release Order for Review by this Court, as well as a separate Order directing the United States Marshals to transport Defendant o this District forthwith. (Docket Entries 8, 9). Defendant filed the instant motion on February 26, 2021, and this opposition follows.

## ARGUMENT

### 1. Defendant Requested a Preliminary Hearing in the District of Columbia

Defendant's instant motion relies exclusively on 18 U.S.C. § 3060 as a basis for his release, as though Defendant were arrested in the same District where he is charged. (Docket Entry 15). This reliance is misplaced.

Section 3060 provides that, unless otherwise agreed by the Defendant, a preliminary hearing must be held within 14 days to establish probable cause to support a Criminal Complaint. Defendant fails to note, however, that where—as here—Defendant was arrested in a District other than where the charges are filed, the timeline becomes slightly more nuanced. Pursuant to FEDERAL

2

Rule of Criminal Procedure 5.1(b), under these circumstances, a defendant may elect to have the preliminary hearing in the District where he was arrested or in the District where the charges were filed.

Defendant was offered the opportunity to have his preliminary hearing in the Western District of Washington, but he declined. Rather, after this Court issued the Orders to Stay the Release Order and Transfer Defendant to this District, Defendant filed a written pleading expressly waiving a preliminary hearing in the Western District of Washington. United States v. Nordean, Case Number 1:21-mj-00067-BAT (Docket Entry 11) (W.D. Wash. February 8, 2021) (Attachment One). Defendant's pleading included the following waivers:

> a) I acknowledge that I am the person named in an indictment, information, or Warrant pending in the U.S. District Court for the District of Columbia;
>
> b) I waive my right to production of the warrant or of any other original paper Related to these charges or certified copies thereof;
>
> c) If I am entitled to a preliminary examination, I elect to have it conducted in the district where the prosecution is pending; and
>
> d) I consent to the issuance of an order directing me to appear and answer in said district where the charges are pending.

Id. at 1 (emphasis added).

The fact that Defendant's counsel signed the waiver on his behalf does not limit its effect.[1] Quite the contrary, Defendant's counsel was required to sign this document on Defendant's behalf.

---

[1] As in most other states, Washington attorneys are permitted to sign documents on behalf of their clients and, as in most other states, a Washington attorney who falsely signs on behalf of her client without consent would be in commission of a serious ethical breach. See Washington Rule of Professional Conduct 1.2, *available at https://www.courts.wa.gov/ court_rules/?fa=court_rules.rulesPDF&groupName=ga&setName=RPC&pdf=1.*

3

See United States District Court for the Western District of Washington General Order 03-20, ¶8, (March 25, 2020), *available at https://www.wawd.uscourts.gov/sites/wawd/files/GO%2003-20%20General% 20Order%20Re%20Remote%20Access%20to%20Courthouse.pdf* (last visited March 1, 2021). According to General Order 03-20:

> It is hereby ordered that all documents and signatures required from any party including, but not limited to . . . consents to waive preliminary hearing . . . shall be performed electronically with the [s/name] format. For the defendant, the defense counsel may sign on behalf of the defendant, after receiving consent, and file the document electronically.

Id. (emphasis added). That Court has reiterated the need for such procedures in order "to limit the physical exchange of documents." General Orders: 8-20 (May 13, 2020); 11-20 (July 30, 2020); 13-20 (September 4, 2020); 18-20 (December 30, 2020), *available at https://www.wawd.uscourts. gov/general-orders-current* (last visited March 1, 2021).

Respectfully, the Court should not entertain Defendant's attempted "gotcha" game. He was offered the opportunity to have a preliminary hearing in the Western District of Washington. He elected to have that hearing in the District of Columbia instead. The FEDERAL RULES OF CRIMINAL PROCEDURE can hardly be read to require Defendant's release from custody based on his having been denied a hearing that he waived, in writing.

  **2. The 14-Day Clock was Tolled on February 8, 2021**

This Court ordered Defendant transported to the District of Columbia for a review of the release order on February 8, 2021– 6 days after Defendant's arrest. Given this Court's order, and Defendant's waiver, the Western District of Washington had no jurisdiction or basis to schedule a preliminary hearing. Further, this Court cannot schedule a preliminary hearing until Defendant has had his preliminary hearing in this District before the assigned Magistrate. Assuming Defendant

4

is not indicted before he arrives in this District, the United States agrees that Defendant should receive a preliminary hearing within 8 days of his initial appearance.

WHEREFORE, the United States respectfully requests that Defendant's motion be DENIED.

                                             Respectfully submitted,

                                             MICHAEL R. SHERWIN
                                             Acting United States Attorney
                                             New York Bar No. 4444188

By:    */s/   James B. Nelson*
            JAMES B. NELSON
            D.C. Bar No. 1613700
            Assistant United States Attorney
            Federal Major Crimes Section
            555 4th Street, N.W.
            Washington, D.C. 20530
            (202) 252-6986
            james.nelson@usdoj.gov

By:    */s/   Jason B.A. McCullough*
            JASON B.A. MCCULLOUGH
            D.C. Bar No. 998006
            Assistant United States Attorney
            National Security Section
            555 4th Street, N.W.
            Washington, D.C. 20530
            (202) 252-7233
            jason.mccullough2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on March 1, 2021.

          By:    */s/ James B. Nelson*
                  JAMES B. NELSON
                  D.C. Bar No. 1613700
                  Assistant United States Attorney
                  Federal Major Crimes Section
                  555 4th Street, N.W.
                  Washington, D.C. 20530
                  (202) 252-6986
                  james.nelson@usdoj.gov